**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TRIPLE M FINANCING, CO., a
Michigan corporation,

Plaintiff-Appellant,

v.

UNIVERSAL UNDERWRITERS
INSURANCE COMPANY, a Kansas
corporation,

Defendant-Appellee.

No. 05-3142
(D.C. No. 04-CV-2194-CM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this insurance contract dispute, plaintiff Triple M Financing, Co. appeals from the district court's order granting summary judgment to defendant Universal Underwriters Insurance Co. At issue is whether Universal Underwriters is obligated to defend Triple M in a lawsuit alleging patent infringement. Following careful review of the record and examination of the policy language in light of the case law, we conclude that the insurance contract does not require Universal Underwriters to defend Triple M in the patent infringement action. We therefore affirm the judgment of the district court.

## Background

Defendant Universal Underwriters issued a general commercial liability policy to Triple M, providing insurance coverage for sums the insured legally must pay as damages attributable to six groups of injuries. Under the policy, Universal Underwriters assumed the duty to defend any suit asking for covered damages, but no duty to defend suits asking for uncovered damages.

At the time, Triple M financed high-risk borrowers' purchase or lease of automobiles. As Triple M explained to prospective borrowers, a computerized device would be installed in the ignition system of the car. The device would prevent the car from starting if the borrower failed to make a timely payment. Driver ID, Inc., which held a patent for a security system designed to allow

selective operation of a vehicle, sued Triple M for direct and willful infringement of the patent.

Triple M then filed this action against Universal Underwriters, seeking a declaratory judgment that Universal Underwriters had a duty to defend Triple M in the patent infringement action. Triple M maintained that the claims fell within coverage for "invasion of . . . possession of personal property" under group 3. This group of injuries is composed of "false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution, abuse of process, libel, slander, defamation of character, private nuisance (except pollution), invasion of rights of privacy or possession of personal property." Aplt. App., Vol. 2 at 361.[1] After reviewing cross-motions for summary judgment, the district court granted Universal Underwriters' motion and denied that of Triple M.

## Discussion

We review the district court's ruling de novo, applying the same standard as the district court. *E.g., Roberts v. Printup*, 422 F.3d 1211, 1214 (10th Cir. 2005). Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

---

[1] On appeal, Triple M has abandoned its theory that patent infringement should be considered "misappropriation of advertising ideas" under the group 4 provision, which includes "plagiarism, misappropriation of advertising ideas or style, infringement of copyright, title, slogan or trademark." Aplt. App., Vol. 2 at 361.

any, show there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We draw all reasonable inferences in favor of the non-moving party. *Roberts,* 422 F.3d at 1214. Here, the parties agree that Kansas state law applies and we review the district court's determinations of state law de novo, *id.* at 1215.

Under Kansas law, the interpretation of a written contract is a question of law. *First Fin. Ins. Co. v. Bugg*, 962 P.2d 515, 519 (Kan. 1998). Insurance policies are to be read as a whole, *id.* at 521, and "construed according to the sense and meaning of the terms used," *id.* at 519. "[I]f the language is clear and unambiguous, it must be taken in its plain, ordinary, and popular sense." *Id.* Insurers "have a duty to defend if there is a potential for liability," but no "duty exists after a finding that there is no coverage under the insurance policy." *S. Cent. Kan. Health Ins. Group v. Harden & Co. Ins. Servs.*, *Inc.*, 97 P.3d 1031, 1035 (Kan. 2004).

Triple M does not argue that Universal Underwriter's policy is ambiguous. Instead, it asserts that the policy's coverage of a claimed injury for invasion of possession of personal property extends to Driver ID's claims. Like the district court, however, we are "unwilling, from the plain language of the policy, and especially in light of the underlying claims, to construe the phrase 'invasion of possession of personal property' as covering patent infringement claims." Aplt.

App., Vol. 5 at 1079. Read in context, the "reasonable meaning" of the phrase "does not tend toward inclusion of patent infringement." *Id.* Further, it is significant that "[s]pecific coverage for patent infringement is noticeably absent from the policy" and that "there were separate insurance policies available to Triple M that would have provided specific coverage for patent infringement." *Id.* Under the terms of the policy, Universal Underwriters has no duty to defend Triple M against Driver ID's claims.[2]

We conclude that Triple M has shown no reversible error in this case. We therefore AFFIRM the challenged decision for substantially the same reasons stated by the district court in its thorough order dated February 23, 2005.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2] Because we conclude that Universal Underwriters has no duty to defend against the patent infringement lawsuit, we need not reach Triple M's issues regarding the propriety of its tender of claim to Universal.